UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DYLAN J. DOTSON, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No.: 3:23-CV-131-KAC-JEM |
| ANDERSON COUNTY DETENTION FACILITY, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner proceeding pro se, filed a motion to proceed *in forma pauperis* [Doc. 4] in this action under 42 U.S.C. §1983 [*See* Doc. 1]. Because the motion was not properly supported, on April 13, 2023, the Court entered an order giving Plaintiff thirty (30) days to submit a certified copy of his inmate trust account for the previous six-month period [Doc. 5]. Plaintiff has not complied with the Court's Order, and the time for doing so has passed.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that

> failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault. Plaintiff received the Court's Order and chose not to comply with, or even respond to, the Order. Second, Plaintiff's failure to comply with the Order has not prejudiced Defendant, because it has not been served. Third, the Court expressly warned Plaintiff that failure to timely comply with the Order would result in the dismissal of this action [Doc. 5 at 2]. Finally, alternative sanctions are not appropriate because Plaintiff failed to comply with the Court's clear instructions. On balance, these factors support dismissal of this action under Rule 41(b).

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff is **ASSESSED** the filing fee of $402.00, and the Court **DISMISSES** this action. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

2

Case 3:23-cv-00131-KAC-JEM   Document 6   Filed 06/13/23   Page 2 of 3   PageID #: 17

**SO ORDERED. AN APPROPRIATE JUDGMENT SHALL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge
